IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 3:21-CV-57-MAB |
| vs. | ) ) ) |
| A&A COMPANIES, INC., A&A HAULING, INC., and PETROFF TRUCKING COMPANY, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This mater is currently before the Court on the Motion to Stay Case and Compel Arbitration filed by Defendants A&A Companies, Inc. and Petroff Trucking Company, Inc. (Doc. 25). For the reasons explained below, the motion is denied.

### BACKGROUND

This action was filed under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, by five employee benefit funds of the Operating Engineers Local Union No. 520 ("the Union" or "Local 520") and the respective trustees of those Benefit Funds, seeking to collect delinquent fringe benefit payments from defendants A&A Companies, Inc. ("A&A Companies"), A&A Hauling, Inc. ("A&A Hauling") and Petroff Trucking Company, Inc. ("Petroff Trucking") (Doc. 1).

Defendants A&A Companies and A&A Hauling ("the Employers") are signatories to and bound by collective bargaining agreements ("CBA") with Local 520 (Doc. 20; *see also* Docs. 20-1, 20-2, and 20-3). Plaintiffs allege that Defendant Petroff Trucking is also bound by the CBA because it is a single employer with A&A Companies and A&A Hauling given the companies' interrelated operations, common management, centralized control of labor relations and common ownership (Doc. 20, pp. 5–6).[1]

The CBA requires the Employers to pay monthly contributions to various funds, including employee fringe benefit funds (Doc. 20-3, p. 25, Articles 34–37). The CBA also incorporates by reference the trust agreements of the various employee fringe benefit funds, and the Employers agreed to become parties to the funds and bound by each of the fund's respective agreements (*Id.* at p. 28, Article 47). The Employers did not make their required contribution payments to the Plaintiff Benefit Funds from June 2017 to at least January 2021 (Doc. 1, Doc. 20). Consequently, the Benefit Funds sued to recover the unpaid contributions and to force the Employers to submit their books and records for audit, so that the Benefit Funds can determine all amounts owed (Doc. 1, Doc. 20).

A&A Companies, A&A Hauling, and Petroff Trucking were served with summons and a copy of the complaint on January 25, 2021 (Docs. 10, 11, 12). Three days later, attorney Thomas Maag appeared on behalf of A&A Companies and Petroff Trucking and

---

[1] Petroff Trucking has not denied this allegation nor can they due to the fact they are currently in default. *E.g., Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) ("[I]t is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.") (quoting *Caribbean Produce Exchange v. Caribe Hydro–Trailer, Inc.*, 65 F.R.D. 46, 48 (D.P.R.1974)).

filed a motion for a more definite statement (Docs. 13, 14). Attorney Maag did *not* enter on behalf A&A Hauling, asserting it was a dissolved company that he did not have authority to represent (Doc. 13). The Benefit Funds responded to the motion for a more definite statement by filing a first amended complaint on February 18, 2021 (Docs. 18, 19, 20). None of the Defendants filed an answer or otherwise responded to the first amended complaint, so the Benefit Funds filed a motion asking the Clerk of Court to enter default against Defendants (Doc. 23). The Clerk entered default against all three named Defendants on April 2, 2021 (Doc. 24). Less than two weeks later, on April 13, 2021, Defendants A&A Companies and Petroff Trucking filed a motion seeking to stay the case and compel arbitration (Doc. 25). The Benefit Funds filed a response in opposition to the motion on April 21st (Doc. 26). Defendants A&A Companies and Petroff Trucking did not file a reply.

## Discussion

As mentioned, all three Defendants are currently defaulted (*see* Doc. 24). A&A Companies and Petroff Trucking did not move to set aside the entry of default prior to filing the instant motion to stay the case and compel arbitration. That motion contains no reference to the entry of default, nor does it set forth any discernible reason for the default (*see* Doc. 25). The Court thus has no basis for finding "good cause" to set aside the entry of default, *see* Fed. R. Civ. P. 55(c), and Defendants remain in default. Unless and until the entry of default is set aside, Defendants cannot proceed to litigate this matter.[2]

---

[2] 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 3d § 2682 (1998) (Rule 55(a) providing for the clerk's entry of default "adopts the substance of former Equity Rule 16"). *Clifton v.*

Additionally, the motion to stay this case and compel arbitration can also be denied on the merits. Even setting aside the fact A&A Companies and Petroff Trucking are in default (which is a basis, in itself to deny the motion), there is simply no basis to submit this case to arbitration. Defendants rely on Article 49 of CBA, which sets forth a grievance and arbitration resolution procedure for "any difference or dispute arising out of the interpretation or applications of any of the provisions contained in this agreement." (Doc. 25, p. 1). But as the Benefit Funds contend, and Defendants do not dispute, the arbitration provision applies only to disputes between the parties to the CBA, meaning Local 520 and the signatory Employers (Doc. 26, pp. 3, 5; *see* Doc. 26-3; *see also* Doc. 26-1, Doc. 26-2). *See Laborers' Pension Fund v. Blackmore Sewer Const., Inc.*, 298 F.3d 600, 609 (7th Cir. 2002). This lawsuit is not between the Union and the Employers; rather, it is between

---

*Tomb*, 21 F.2d 893, 897 (4th Cir. 1927) (applying former Equity Rule 16 and holding "[w]hen a party is in default . . . the party himself has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing."); *J & J Sports Prods., Inc. v. Martinez*, No. 1:11CV754, 2013 WL 2147790, at *5 (M.D.N.C. May 16, 2013) ("The general effect of the entry of default under Rule 55(a) is that the defaulting party loses his standing in court, his right to receive notice of the proceedings, and his right to present evidence at the final hearing." (quoting *Hartford Fire Ins. Co. v. Sundeck Transp. Grp., Inc.*, No. 2:10cv191, 2011 WL 2938466, at *2 (E.D. Va. June 29, 2011))); *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-CV-01958-LJO, 2012 WL 5364645, at *2 (E.D. Cal. Oct. 31, 2012) ("The Clerk of Court's entry of default cuts off a defendant's right to appear in an action. . . . A defendant's remedy . . . is for the defendant to file a motion to set aside entry of default pursuant to Rule 55(c)[.]" (citing *Great Am. Ins. Co. v. M.J. Menefee Const., Inc.*, No. F06-0392 AWIDLB, 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006))); *Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F. Supp. 2d 721, 728 (E.D. Mich. 2010) ("A party in default may not plead [or] otherwise proceed until the default is set aside."); *Kremen v. Cohen*, No. 05CV1319 JLS (POR), 2008 WL 11508541, at *2 (S.D. Cal. Oct. 16, 2008) ("Unless and until [defendant] files a noticed motion to have the entry of default set aside (pursuant to FRCP 55(c)) and then prevails on that motion, she cannot litigate the merits."); *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 783 (E.D. Tex. 2006) ("The effect of the entry of default is that it cuts off the defendants' right to appear in the case with respect to liability issues." (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Rlty. Corp.*, 973 F.2d 155, 160 (2d Cir. 1992))); *Newhouse v. Probert*, 608 F. Supp. 978, 985 (D.C. Mich. 1985) ("When a party is in default the party himself has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing"); *In re Uranium Antitrust Litig.*, 473 F. Supp. 382, 386 (N.D. Ill. 1979) (entry of default under Rule 55(a) "deprived the defaulting defendant of his standing in court, his right to receive notice of the proceedings, and his right to present evidence at the final hearing.").

the Benefit Funds (who are third-party beneficiaries of the CBA) and the Employers. In other words, the Benefit Funds "are not parties to the contract under which [Defendants] deman[d] arbitration." *Laborers*, 298 F.3d at 609.

Furthermore, the Court agrees with the Benefit Funds that neither the CBA nor the relevant trust fund agreements demonstrate an intent to arbitrate disputes between Funds and employers (Doc. 26, pp. 2–3, 5–6). *See Pipe Fitters' Welfare Fund, Loc. Union 597 v. Mosbeck Indus. Equip., Inc.*, 856 F.2d 837, 840 (7th Cir. 1988) ("[C]ourts must carefully examine the pertinent trust and collective bargaining agreements to determine whether parties intended to arbitrate disputes between trust funds and employers." (citing *Schneider Moving & Storage Co. v. Robbins,* 466 U.S. 364, 371–72 (1984))).

The trust fund agreements submitted by the Benefit Funds explicitly provide that the Trustees "shall have the exclusive right, power, and authority in their sole and absolute discretion . . . to bring suit for such collection [of contributions] as they deem necessary and appropriate in their sole and absolute discretion" (Doc. 26-2, p. 9, section 3.2; Doc. 26-3, p. 9, section 3.2). Another provision of the agreements provides that the Trustees have to notify an Employer in writing of any delinquency, and then if the Trustees determine the delinquencies necessitate legal action to effectuate collection, reasonable attorneys' fees, costs, liquidated damages, and interest may be added to the delinquencies (Doc. 26-2, pp. 14–15, section 3.15; Doc. 26-3, p. 14, section 3.15). These provisions unambiguously allow the administrators of the Benefit Funds to institute civil actions to enforce contribution requirements and collect delinquent contributions. *Pipe Fitters*, 856 F.2d at 840. The provisions "plainly suggest that the parties intended for the

trustees of the Trust Funds to have broad powers when seeking to enforce employer obligations" rather than "evidence an intention to require the Trust Funds to submit contribution disputes to arbitration." *Id.* at 840–41.

The CBA also recognizes the right of the Benefit Funds to institute legal action to collect delinquent contributions. It explicitly adopts the Funds' agreements and also provides that if the Employers do not make the necessary contribution payments to the fringe benefit funds, "the party to whom any such payments are due"—meaning the Benefit Funds—may "take all legal action . . . to enforce such payment." (Doc. 20-3, p. 29, Article 47). There is nothing in the CBA that states in plain language any intention to override the provisions of the fund agreements that allow the Benefit Funds to bring civil actions to enforce contribution requirements (*see* Doc. 20-3). Additionally, the arbitration provision in the CBA does not clearly provide a mechanism or procedure for the benefit funds or their trustees to access the arbitration process (*see* Doc. 20-3, p. 30, Article 49). In fact, the arbitration provision does not even mention the Benefit Funds or their Trustees (*see id.*). Under these circumstances, there is nothing that gives rise to an inference that the parties intended to bind the Benefit Funds to arbitration. *Pipe Fitters*. 856 F.2d at 842.

Under the circumstances described and relevant precedent, the Court must conclude that neither the relevant fund agreements nor the CBA evidence an intention to require the Benefit Funds to submit contribution disputes to arbitration. *Schneider*, 466 U.S. at 373–76; *Laborers*, 298 F.3d at 609; *Pipe Fitters*, 856 F.2d at 839–43. Consequently, the Court will not compel the Benefit Funds to arbitrate.

<u>CONCLUSION</u>

Defendants' Motion to Stay Case and Compel Arbitration (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 2, 2021**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**