IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>A&A COMPANIES, INC., A&A HAULING, INC., and PETROFF TRUCKING COMPANY, INC.,<br><br>Defendants. | Case No. 3:21-CV-57-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiffs' motion for default judgment (Doc. 28; *see also* Doc. 29), Defendants A&A Companies, Inc. and Petroff Trucking Company, Inc.'s motion to set aside default (Doc. 30), and Plaintiffs' motion to strike Defendants A&A Companies and Petroff Trucking's answer (Doc. 33).

## BACKGROUND

This action was filed under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, by five employee benefit funds of the Operating Engineers Local Union No. 520 ("the Union" or "Local 520") and the respective trustees of those Benefit Funds, seeking to collect delinquent fringe benefit payments from defendants A&A Companies, Inc. ("A&A Companies"), A&A Hauling, Inc. ("A&A Hauling") and Petroff Trucking Company, Inc. ("Petroff Trucking") (Doc. 1).

Defendants A&A Companies and A&A Hauling are signatories to and bound by collective bargaining agreements ("CBA") with Local 520 (Doc. 20; *see also* Docs. 20-1, 20-2, and 20-3). Plaintiffs allege that Defendant Petroff Trucking is also bound by the CBA because it is a single employer with A&A Companies and A&A Hauling given the companies' interrelated operations, common management, centralized control of labor relations and common ownership (Doc. 20, pp. 5–6).

All three Defendants were served with summons and a copy of the complaint on January 25, 2021 (Docs. 10, 11, 12). Three days later, attorney Thomas Maag appeared on behalf of Defendants A&A Companies and Petroff Trucking only; Attorney Maag did *not* enter on behalf A&A Hauling, asserting it was a dissolved company that he did not have authority to represent it (Doc. 13). A&A Companies and Petroff Trucking ("the appearing Defendants") filed a motion for a more definite statement (Doc. 14), which prompted Plaintiffs to file a first amended complaint on February 18, 2021 (Docs. 18, 19, 20). None of the three Defendants filed an answer or otherwise respond to the first amended complaint by their deadline.[1] The Court entered an Order on March 25th pointing out Defendants' failure and giving them until April 1st to file their answer or other responsive pleading (Doc. 22). Defendants took no action, which prompted Plaintiffs to move for a Clerk's entry of default (Doc. 23). Default was entered against all three named Defendants on April 2, 2021 (Doc. 24).

---

[1] *See* FED. R. CIV. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

On April 13, 2021, the appearing Defendants filed a motion seeking to stay the case and compel arbitration (Doc. 25). Plaintiffs filed a response in opposition in which they expressly noted the appearing Defendants were in default (Doc. 26). In spite of this language, the appearing Defendants took no action to vacate the default. On August 2, 2021, the Court denied the appearing Defendants' motion to compel arbitration because, first and foremost, they were still in default, and defaulted parties cannot continue to litigate a case (Doc. 27). Following the entry of this Order, the appearing Defendants again took no immediate action to vacate the default. Consequently, on August 10, 2021, Plaintiffs filed a motion for default judgment as to all three Defendants (Doc. 28; *see also* Doc. 29). The following day, the appearing Defendants finally sought to set aside the entry of default (Doc. 30), to which Plaintiffs filed a response in opposition (Doc. 31). About a week later, the appearing Defendants filed an answer (Doc. 32), but without requesting leave of court to do so. Plaintiffs then moved to strike the answer (Doc. 33).

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). While the Seventh Circuit "has a well-established

policy favoring a trial on the merits over a default judgment," *Sun*, 473 F.3d at 811; *accord Cracco*, 559 F.3d at 631, it has also instructed "that the district court is justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (citations omitted). "[W]illfulness is shown in a party's continuing disregard for the litigation or for the procedures of the court." *Id.* (citation omitted).

The appearing Defendants' motion to set aside default is very brief; the body of the motion is less than one page, including the introductory paragraph and the "wherefore" paragraph at the end (*see* Doc. 30). In the motion, the appearing Defendants make four assertions. First, they contend "there was no willful or intentional conduct" on their part that led to the entry of default "as same was simply a clerical error in setting a date on a calendar." Second, they assert that they "have, in fact, responded to the First Amended Complaint, with a motion," meaning the motion to compel arbitration, and "following the ruling on the motion, are prepared to file an answer to said First Amended Complaint." Third, they assert they have a meritorious defense for various reasons. Finally, they assert that no party would be prejudiced by setting aside the entry of default, "which does not even set forth a claimed dollar amount, and in fact, no 'judgment' as been entered as of this date."

The Court begins with the appearing Defendants' assertion that they responded to the First Amended Complaint by filing a motion to compel arbitration. A motion to compel is not a responsive pleading, *see* FED. R. CIV. P. 7(a), nor is it on the list of accepted pre-answer motions that can be considered a responsive pleading, *see* FED. R. CIV. P. 12(b).

The appearing Defendants did not cite to any case law showing that a motion to compel arbitration can be considered a responsive pleading that precludes the entry of a default judgment, nor did they offer any explanation as to why this Court should consider their motion as such in this instance (*See* Doc. 30).[2] Moreover, this motion was not filed until weeks after the deadline to file an answer or other responsive pleading. That means, by definition, the appearing Defendants were in default. 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 2682 (4th ed.) (a defendant who does not plead or otherwise defend within the time allotted by the Federal Rules of Civil Procedure is in default). And, in fact, the Clerk of Court had already entered default against them by the time they filed their motion to compel.

As for whether the default should be set aside, nothing the appearing Defendants said in their motion is sufficient to establish good cause for their default. They chalk it up to a simple clerical error in "setting a date on a calendar." (Doc. 30). The Court can only assume this means that defense counsel simply made an error of some sort in calendaring his initial deadline to file an answer or other responsive pleading to the first amended complaint. However, this very cursory excuse does not hold water. It may explain why the appearing Defendants missed their initial deadline, but it does nothing to illuminate

---

[2] There is, indeed, an argument to be made here that although the appearing Defendants failed to plead, they did "otherwise defend" under Rule 55(a) by filing the motion to compel arbitration and stay the proceedings. *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.") (emphasis added); *Smith v. Pay-Fone Sys., Inc.*, 627 F. Supp. 121, 123 (N.D. Ga. 1985). But the motion to set aside default did not identify this issue or develop this argument (or really any of its arguments) in any form. The Court declines to develop this argument on its own or do the appearing Defendants work for them.

why they blew the deadline a second time after the Court gave them another chance to get their responsive pleading on file and stave off default. At any rate, the Seventh Circuit has held that "routine back-office problems," such as counsel's mistake regarding the deadline, "do not rank high in the list of excuses for default" and "do not establish good cause for defaulting." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) (quoting *Connecticut National Mortgage Co. v. Brandstatter*, 897 F.2d 883, 884–85 (7th Cir. 1990)).

As for the second element—quick action to correct the default—the appearing Defendants offered no explanation as to how they satisfy this requirement (*see* Doc. 30). And it is clear from the record that they did *not* act quickly. After the Clerk entered default against Defendants (Doc. 24), the only proper course of action was to promptly move to set aside the default. The appearing Defendants, however, did nothing for eleven days. At that point, they still did not file a motion to set aside the default but rather filed a motion to compel arbitration (Doc. 25). Defense counsel did not explain why he chose this course of action nor did counsel explain why it should be looked at as an excusable error or an effort to otherwise defend (*see* Doc. 30). Instead, the sparse information and explanations before the Court lead it to conclude that counsel willfully disregarded the entry of default. When Plaintiffs responded to the motion to compel arbitration, they expressly pointed out that Defendants were in default and the default had not yet been set aside (Doc. 26). But appearing Defendants paid no attention and took no action to correct the default at any point in the approximate three and half months between when they filed their motion and the Court entered its Order denying it (*see* Doc. 25, Doc. 27).

They took no immediate action in the week after the Court entered its Order, and consequently, Plaintiffs filed their motion for default judgment (Doc. 28). Only then did the appearing Defendants finally file a motion to set aside the entry of default. Conspicuously, the motion does not offer an explanation as to why counsel did not act quicker to correct the default (*see* Doc. 30).

The dearth of information, lack of explanations, and absence of developed legal arguments in the appearing Defendants motion to set aside default compels the Court to deny the motion at this time.[3] Consequently, Plaintiffs' motion to strike the appearing Defendants' answer is granted and the appearing Defendants' answer is stricken. However, because of the Court's strong preference for resolving cases on the merits rather than through default judgment, the denial of the motion to set aside is *without prejudice* and the appearing Defendants have 21 days in which to file a renewed motion. If the appearing Defendants fail to file a renewed motion within that time frame, the Court will move forward on considering Plaintiffs' motion for default judgment.

## Conclusion

Defendants A&A Companies, Inc. and Petroff Trucking Company, Inc.'s motion to set aside default (Doc. 30) is **DENIED without prejudice**; Defendants A&A Companies, Inc. and Petroff Trucking Company, Inc. have until November 19, 2021 to file a renewed motion to set aside.

---

[3] Because the appearing Defendants motion to set aside fails to demonstrate good cause, the Court declines to address the last requirement of the three-part test for setting aside an entry of default: whether the appearing Defendants have a meritorious defense.

Plaintiffs' motion to strike Defendants A&A Companies and Petroff Trucking's answer (Doc. 33) is **GRANTED**. Defendants' answer (Doc. 32) is **STRICKEN**.

**IT IS SO ORDERED.**

**DATED: October 29, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
